Jootje Ventje MAWEI, Petitioner

v.

ATTORNEY GENERAL OF the UNITED STATES, Respondent.

No. 07–2517.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 2, 2008.

Filed April 4, 2008.

Alfonso Caprara, Philadelphia, PA, for Petitioner.

Richard M. Evans, Sada Manickam, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Jootje Ventje Mawei petitions for review of a final order of the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition.

Mawei, a native of Indonesia, entered the United States in February 2001. In April 2003, he was charged as removable for overstaying his admission period. Mawei conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Mawei argued that he feared persecution in Indonesia based on his Christian religion. After a hearing, the Immigration Judge ("IJ") denied relief and ordered Mawei removed to Indonesia. The BIA dismissed the appeal, agreeing with the IJ that Mawei's asylum application was untimely and that the remaining requests for relief were without merit. Mawei then filed a timely petition for review.

We have jurisdiction to review constitutional claims and questions of law but not

**204**

factual or discretionary determinations related to the timeliness of an asylum application. *Sukwanputra v. Gonzales*, 434 F.3d 627 (3d Cir.2006). Mawei does not address the timeliness of his application in his brief or raise any constitutional or legal issues.

To be eligible for withholding of removal, Mawei needed to demonstrate that it is more likely than not that his life would be threatened in Indonesia on account of race, religion, nationality, membership in a particular social group, or political opinion. *Tarrawally v. Ashcroft*, 338 F.3d 180, 186 (3d Cir.2003); 8 U.S.C. § 1231(b)(3)(A). The BIA's decision should be reversed only if the record permits but one reasonable conclusion which was not the one reached by the Board. *I.N.S. v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Mawei asserts that he was threatened into giving a taxi driver money and that a Muslim mosque played music loudly to disturb youth church services held in his home. The incidents Mawei has described do not rise to the level of persecution. *See Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir.2005)("[T]wo isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, [are] not sufficiently severe to be considered persecution.") Mawei has not shown that the record compels a finding that his life would be threatened in Indonesia on account of a protected ground so as to entitle him to withholding of removal.[1]

For the above reasons, we will deny the petition for review.

---

1. Mawei does not make any argument concerning CAT relief.